**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| Charles Ntim, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive, | |
| Defendant. | |

For this Complaint, the Plaintiff, Charles Ntim, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Charles Ntim ("Plaintiff"), is an adult individual residing in Champaign, Ilinois.

5.      Plaintiff has power of attorney over his mother, Comford Ntim, who is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      The Defendant, Portfolio Recovery Associates, L.L.C. ("PRA"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 253502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by PRA and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      PRA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      The Plaintiff's mother, Comford Ntim, incurred a financial obligation in the approximate amount of $850 (the "Debt") to Carson Pirie Scott Department Store (the "Creditor").

10.     Plaintiff has power of attorney over Ms. Ntim.

11.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     The Debt was purchased, assigned or transferred to PRA for collection, or PRA was employed by the Creditor to collect the Debt.

13.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  PRA Engages in Harassment and Abusive Tactics**

## FACTS

14.    From October 2010 through January 2011, PRA placed two (2) calls a day to Plaintiff's cellular telephone and Plaintiff's mother's residential telephone in an attempt to collect the Debt.

15.    PRA failed to send Plaintiff or Plaintiff's mother a "30-Day Validation Notice" within five (5) days of its initial communication with Plaintiff.

16.    Plaintiff repeatedly told PRA that he was interested in paying the Debt but that he needed PRA to first send him written correspondence.

17.    PRA told Plaintiff that they would not send him anything in writing unless Plaintiff first provided PRA with his checking account information.

18.    Despite never receiving anything in the mail from PRA, Plaintiff eventually arranged to pay the Debt to PRA in January 2011. PRA has failed to comply with Plaintiff's request that PRA send him a letter in the mail outlining the payment arrangement he reached with PRA.

**C.  Plaintiff Suffered Actual Damages**

19.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
### 225 ILCS 425/1, *et seq.*

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

34.     Portfolio Recovery Associates, L.L.C., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

35.     The Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants caused a telephone to ring or engaged the Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

41.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

42.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

43.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

45.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.  The Plaintiff incorporates by reference all of the above paragraphs of this

    Complaint as though fully set forth herein at length.

2.  The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community.

3.  The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Illinois.

4.  All acts of the Defendants and the Collectors complained of herein were

committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are

subject to imposition of punitive damages.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages;

2.  Against each of the named the Defendants, awarding the Plaintiff statutory

damages;

3.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4.   Against the named Defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney's fees ;

5.   Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

6.   Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 18, 2011

Respectfully submitted,

By __/s/ Tali Albukerk_____

Tali Albukerk, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
IL ARDC: 6283299
Attorney for Plaintiff